NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID COTTRELL,

        Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

        Defendant - Appellee.

No. 24-4200

D.C. No.
3:23-cv-05637-SKV

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Submitted November 21, 2025**
Seattle, Washington

Before: W. FLETCHER, PAEZ, and DESAI, Circuit Judges.

David Cottrell appeals the district court's order affirming the Administrative Law Judge's ("ALJ") denial of benefits under the Social Security Act ("Act"). We have jurisdiction under 28 U.S.C § 1291. We affirm.

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the district court's decision affirming an ALJ's denial of social security benefits de novo. *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021). The question is thus whether the ALJ's decision is free of legal error and supported by substantial evidence. *Id.* Under the substantial-evidence standard, we look to the existing administrative record and determine "whether it contains sufficient evidence to support the agency's factual determinations." *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (citation modified).

1.      Cottrell argues that the ALJ erred by discounting the medical opinions of Dr. Derek Leinenbach, Dr. Omar Hussamy, Jamie Graves, D.P.T., and Dr. Daniel Coffin. For claims filed after March 27, 2017, as here, "[t]he agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, . . . and 'explain how [it] considered the supportability and consistency factors' in reaching these findings." *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(b); 20 C.F.R. § 404.1520c(b)(2)). The ALJ reasonably found the medical opinions were unpersuasive because they were unsupported and inconsistent with objective evidence.

First, the ALJ reasonably discounted Dr. Leinenbach's medical opinion, noting that his opinion primarily rested on a check-box form with a minimal, non-specific explanation for his conclusions. *See Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (explaining that an ALJ can fairly reject opinions expressed on check-box

forms when the forms do not contain "any explanation of the bases of their conclusions"). Additionally, the check-box form was both internally inconsistent and contradicted other medical records that indicated at least some improvements in Cottrell's limitations. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that an ALJ may discount a doctor's opinions that are inconsistent with or unsupported by the doctor's own clinical findings).

Second, the record supports the ALJ's finding that Dr. Coffin and D.P.T. Graves's opinions of Cottrell's limiting "neck pain and right upper extremity pain" were inconsistent with Cottrell's own activity level, including boating and working on a farm, and the objective record. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Third, the ALJ reasonably found Dr. Hussamy's opinion lacks support because Dr. Hussamy opined that Cottrell was disabled as of 2005, but he did not review medical evidence before 2015. Dr. Hussamy also did not provide any reasons explaining how Cottrell met the criteria for presumptive disability, and the only medical records he referenced either do not support his conclusion or are inconsistent with his opinion.

2. Cottrell next argues that the ALJ failed to provide adequate explanation for discounting his subjective symptom testimony. An ALJ must offer specific, clear,

and convincing reasons to reject a claimant's testimony. *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024).

The ALJ adequately reasoned that, although Cottrell's impairments may cause work-related functional limitations, they are less debilitating than Cottrell alleged. Further, the ALJ provided clear explanations supporting the finding that Cottrell's testimony was inconsistent with his reported daily activities, including driving and traveling long distances, boating, and working on a farm. *See Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) ("Even if the claimant experiences some difficulty or pain, [his] daily activities 'may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.'" (quoting *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012), *superseded by regulation on other grounds*, 20 C.F.R § 404.1502(a))).

**AFFIRMED.**